UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20966-CIV-O'SULLIVAN

[CONSENT]

REGIONS BANK,

    Plaintiff,

v.

The 62' OCEAN SPORT FISH, Hull I.D.
No. XY0011462J203, its engines, tackle,
rigging, apparel and appurtenances, etc.,
in rem, and CLASS ACTION OF SOUTH
FLORIDA and JOHN H. RUIZ, in personam,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Dismiss (DE# 26, 4/30/13).

## BACKGROUND

On March 18, 2013, the plaintiff filed a one-count verified complaint to foreclose on a first preferred ship mortgage pursuant to 46, United States Code, Section 31301, et seq. See Verified Complaint (DE# 1, 3/18/13). The defendants moved to dismiss the verified complaint. See Defendants' Motion to Dismiss (DE# 26, 4/30/13). On May 9, 2013, the plaintiff filed its response in opposition. See Response in Opposition to Defendants' Motion to Dismiss (DE# 27, 5/9/13). The defendants filed their reply on May 21, 2013. See Defendants' Reply to Plaintiff's Response to Motion to Dismiss (DE# 31, 5/21/13).  This matter is ripe for consideration.

## **STANDARD OF REVIEW**

The defendants move to dismiss the Verified Complaint (DE# 1, 3/18/13) for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Defendants' Reply to Plaintiff's Response to Motion to Dismiss (DE# 31 at 1, 5/21/13) (stating for the first time that their motion to dismiss is based on Rule 12(b)(6)). In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-plead facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

## ANALYSIS

The defendants move to dismiss the verified complaint stating that "the [p]laintiff accepted payments and failed to tender the proper notice of default and notice of right to cure as provided for under the Notice and has therefore waived its right to foreclosure and is estopped from proceeding with this action." See Defendants' Motion to Dismiss (DE# 26 at 2, 4/30/13). The plaintiff maintains that it "was entitled to accelerate the entire indebetedness without prior notice to [the d]efendants" and that "the Note and Mortage contain anti-waiver clauses." Response in Opposition to Defendants' Motion to Dismiss (DE# 27 at 2, 5/9/13).

Equitable estoppel is an affirmative defense. Fed. R. Civ. P. 8(c)(1). "Typically, a defendant does not have an opportunity to prove affirmative defenses in a motion to dismiss, as affirmative defenses do not constitute elements of a plaintiff's claim . . . . However, 'dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense[ ]**[if] that defense . . . appear[s] on the face of the complaint**.'" Murphy v. DCI Biologicals Orlando, LLC, No. 6:12-cv-1459-Orl-36KRS, 2013 WL 6865772, at *5 (M.D. Fla. Dec. 31, 2013) (citations omitted) (alterations in original) (emphasis added). The elements of equitable estoppel, as noted in the defendants' motion are: "that (1) defendant or an agent made a representation with regard to a material fact; (2) movant relied on the representation; and (3) changed his position to his detriment in reliance on the representation." Defendants' Motion to Dismiss (DE# 26 at 4, 4/30/13) (citing Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So. 2d 517 (Fla. 1st DCA 1971)). The facts necessary to establish these elements are not present on

the face of the Verified Complaint (DE# 1, 3/18/13). Accordingly, the Verified Complaint (DE# 1, 3/18/13) will not be dismissed based on the affirmative defense of equitable estoppel.

The defendants also argue that "the [plaintiff] relinquished and therefore waived its right to accelerate and foreclose when it accepted the payment that brought the account current and then failed to give notice of a right to cure for any further default it claimed [d]efendants had committed." Defendants' Motion to Dismiss (DE# 26, 4/30/13). Like equitable estoppel, waiver is also an affirmative defense. Fed. R. Civ. P. 8(c)(1). The elements of an affirmative defense of waiver, as noted in the instant motion are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefits that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish that right, privilege, advantage or benefit." See Defendants' Motion to Dismiss (DE# 26 at 4, 4/30/13) (citing Destin Sav. Bank v. Summerhouse of FWB, Inc., 579 So.2d 232 (Fla. 1st DCA 1991)). The Court will not dismiss the Verified Complaint (DE# 1, 3/18/13) based on the affirmative defense of waiver for the reasons discussed above.

In their reply, the defendants raise for the first time the argument that the contract between the parties was a contract of adhesion. See Defendants' Reply to Plaintiff's Response to Motion to Dismiss (DE# 31 at 2, 5/21/13). Leaving aside the long-established rule that a movant may not raise an issue for the first time in a reply brief, this argument also fails because the facts necessary to establish procedural and/or substantive unconscionabilty are not found in the plaintiff's 15-paragraph Verified Complaint (DE# 1, 3/18/13).

## **CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss (DE# 26, 4/30/13) is **DENIED**. The defendants shall respond to the Verified Complaint (DE# 1, 3/18/13) on or before **Tuesday, January 21, 2014.**

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of January, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record