UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-20966-CIV-O'SULLIVAN

[CONSENT]

REGIONS BANK,

    Plaintiff,

v.

The 62' OCEAN SPORT FISH, Hull I.D.
No. XY0011462J203, its engines, tackle,
rigging, apparel and appurtenances, etc.,
in rem, and CLASS ACTION OF SOUTH
FLORIDA and JOHN H. RUIZ, in personam,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion for Rehearing and/or Reconsideration of the Court's Order Granting Plaintiff's Motion for Summary Judgment and Objection to the Entry of a Final Judgment (DE# 92, 8/21/14). On August 14, 2014, the Court entered an Order (DE# 91) granting the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law in Support Thereof (DE# 84, 6/2/14) and denying the Defendants' Motion for Summary Judgment (DE# 78, 5/5/14). See Order (DE# 91, 8/14/14). The defendants now move for reconsideration of the Court's prior ruling.

Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence and (3) the need to correct clear error or manifest injustice. Matthews v. Whitewater W. Indus., Ltd., No. 11-24424-CIV, 2012 WL 6012894, at *4 (S.D. Fla. Dec. 3, 2012) (citing

Instituto de Prevision Militar v. Lehman Bros., Inc., 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007)). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. . . ." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Moreover, a party should not use a

> motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . .  The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

The defendants fail to meet any of the recognized grounds for reconsideration. The instant motion merely rehashes arguments that were previously raised by the defendants in their original summary judgment motion and in their response in opposition to the plaintiff's motion. These arguments were considered and rejected by the Court. "In order to demonstrate clear error, the party [seeking reconsideration of a Court's prior ruling] must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Rehearing and/or Reconsideration of the Court's Order Granting Plaintiff's Motion for Summary Judgment and Objection to the Entry of a Final Judgment (DE# 92, 8/21/14) is **DENIED** for the reasons stated herein. It is further

ORDERED AND ADJUDGED that on or before **Thursday, August 28, 2014**, the parties shall submit an agreed proposed Final Judgment including damages and all relevant terms allowing for the sale of the vessel and reservation of jurisdiction to address any deficiency judgment.

DONE AND ORDERED in Chambers at Miami, Florida this **21st** day of August, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record