UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:13-CV-20966-O'SULLIVAN

CONSENT CASE

REGIONS BANK,

    Plaintiff,

vs.

The 62' OCEAN SPORT FISH,
Hull I.D. No. XY001462J203,
its engines, tackle, rigging, apparel
and appurtenances, etc., in rem, and
CLASS ACTION OF SOUTH FLORIDA
and JOHN H. RUIZ, in personam,

    Defendants.
_____/

## FINAL JUDGMENT

THIS MATTER is before the Court in accordance with the Court's Order Denying Defendants' Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law [ECF 91] and the Court's Order Denying Defendants' Motion for Rehearing and/or Reconsideration of the Court's Order Granting Plaintiff's Motion for Summary Judgment and Objection to the Entry of a Final Judgment [ECF 93]. The Court has carefully reviewed the entire file and is otherwise fully advised in the premises. Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** as follows:

    1.    Final Judgment is hereby **ENTERED** in favor of Plaintiff, REGIONS BANK, and against the 62' OCEAN SPORT FISH, Hull I.D. No. XY001462J203, its engines, tackle, rigging, apparel and appurtenances, etc., *in rem*, and CLASS ACTION OF SOUTH FLORIDA

CASE NO.: 1:13-CV-20966-O'SULLIVAN
PAGE 2

and JOHN H. RUIZ, *in personam*, in the sum of $887,036.57, for which LET EXECUTION ISSUE;

2. The Final Judgment of $887,036.57 shall bear post judgment interest at the applicable rate from the date of this Final Judgment;

3. The 62' OCEAN SPORT FISH, Hull I.D. No. XY001462J203, its engines, tackle, rigging, apparel and appurtenances, etc., shall be sold by the United States Marshal free and clear of all liens and claims, pursuant to the Local Admiralty Rules of this Court, to the highest and best bidder, said sale to be subject to the confirmation of the Court;

4. Plaintiff, REGIONS BANK, is entitled to credit bid its judgment of $887,036.57, or any part thereof, in lieu of payment at the public sale of The 62' OCEAN SPORT FISH, Hull I.D. No. XY001462J203, its engines, tackle, rigging, apparel and appurtenances, etc. and shall not be required to tender a certified check or make any other payment, either as a deposit at the time of sale or as a balance of the purchase price;

5. The United States Marshal is hereby directed to give notice of said public sale pursuant to the Local Admiralty Rules of this Court, to show in said notice the time and place where said sale will be conducted and to show in said notice that prospective bidders may come on application to the Marshal at such times and in such manner as he may direct, board the said vessel for purposes of inspection thereof and show in said notice that the highest and best bidder, with the exception of Plaintiff, REGIONS BANK, as provided above, will be required to deliver to the United States Marshal at the time of said sale, in the form of a certified check, earnest money to at least ten (10%) percent of the bid price, the balance thereof to be paid by certified check within seven days of the sale by certified check drawn on a local bank. If an objection to the sale is filed within seven days of the sale the successful bidder is excused from paying the

remaining purchase price until seven days after the Court confirms the sale. If any bidder should fail to pay the balance of the purchase when due, then the deposit shall be forfeited and the amount shall be applied by the Marshal to any additional costs incurred because of the forfeiture and the balance shall be retained in the Court's registry subject to any further order of the Court;

6. All charges incurred by the United States Marshal and the Court-appointed Substitute Custodian or by any party advancing funds to the Court-appointed Substitute Custodian, with respect to maintenance and safekeeping of the vessel, and the cost of advertisement for sale by the United States Marshal, shall be expenses of sale and will be taxed as costs of *custodia legis* against the proceeds of the sale;

7. This Court shall confirm the sale or sustain objections in conformance with Local Admiralty Rule E(17)(f)-(h);

8. That subject to the confirmation of the sale by the Court, and upon Motion by Plaintiff, the proceeds of the sale of the vessel shall be applied to satisfy, fully or partially as the case may be, Plaintiff's Final Judgment.

9. The Court reserves jurisdiction to enter a deficiency judgment against *in personam* Defendant, JOHN H. RUIZ, for any portion of the judgment, plus custodial expenses and attorney's fees, not satisfied by the sale of the vessel, and such further Orders it deems necessary.

10. The Court reserves jurisdiction to award fees and costs should Plaintiff file a motion for attorney's fees and costs that complies with the Local Rules.


CASE NO.: 1:13-CV-20966-O'SULLIVAN
PAGE 4

**DONE AND ORDERED** in Chambers at Miami Dade, Florida this 29 day of AUG, 2014.

_____
JOHN O'SULLIVAN
U.S. DISTRICT COURT MAGISTRATE JUDGE

Copies furnished to:
Patrick E. Novak, Esq.
United States Marshals Service